UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CARLOS FLORES and TAMMY RUIZ** | * | **CIVIL ACTION** |
| | * | |
| | * | |
| **VERSUS** | * | **NO. 09-2207** |
| | * | |
| **LIBERTY MUTUAL FIRE INSURANCE** | * | **SECTION "L" (5)** |
| **COMPANY and TRACY VINSON** | * | |

## Order and Reasons

Before the Court is the Plaintiff's Motion for Summary Judgment (Rec. Doc. No. 29). The Court has reviewed the submitted memoranda from both parties, as well as the applicable law, and is now ready to rule.

*I. Background*

On December 17, 2008, the Plaintiff, Carlos Flores, was operating a 2003 Honda Element owned by Plaintiff Tammy Ruiz. He was driving east bound on the I-12 on-ramp at US 11 when he was struck from behind by the Defendant, Tracy Vinson. Plaintiffs filed suit against Vinson and his insurer, Liberty Mutual Fire Insurance Company, on February 4, 2009. Plaintiffs allege that the accident and Plaintiffs' resulting damages were caused by the negligence of Vinson.

*II. Motion for Partial Summary Judgment*

On January 22, 2010, Plaintiffs filed a Motion for Partial Summary Judgment on the issue of liability (Rec. Doc. No. 29). Plaintiffs argue that the motion is appropriate because the evidence, particularly Vinson's deposition, when viewed in the light most favorable to Defendants, leaves no genuine issue of material fact as to Vinson's liability.

Vinson's deposition states that immediately prior to the accident a third vehicle, a white

1

pick-up truck ("phantom vehicle"), was directly in front of Plaintiff's vehicle and was emitting smoke. Vinson states that he first noticed the smoke when the three vehicles were stopped at a traffic light, and that the smoking continued as the vehicles entered the on-ramp. Defendant claims that while approaching the on-ramp he entered a thick cloud of smoke emitted by the phantom vehicle, which obstructed his view. He did not stop, but continued on the ramp at a speed of approximately 35 miles per hour. Soon thereafter, the Plaintiffs vehicle came back into view, but Vinson was not able to stop in time to avoid a rear-end collision. *See* Rec. Doc. No. 29, Ex. B, 56-62.

According to the Plaintiffs, the mere fact that smoke was obstructing Defendant's field of vision is not enough to overcome the presumption of negligence for a defendant in a rear-end collision. Hence, the Plaintiffs claim there is no material issue of fact in dispute and that their motion for summary judgment should be granted.

The Defendants oppose the motion, arguing that there remain genuine issues regarding liability. First, there are questions of fact regarding how much smoke there was and how quickly it obstructed Vinson's view. Secondly, Defendants argue that whether Plaintiff Flores had his lights on is a disputed issue, giving rise to the possibility of contributory negligence.

*III. Law and Analysis*

**a. Standard of Review**

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)

2

(*quoting* Fed. R. Civ. P. 56 (c)).  When considering a motion for summary judgment, the district court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).  The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (*citing Celotex*, 477 U.S. at 322 - 24, and Fed. R. Civ. P. 56(e)).  The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion.  *See Anderson*, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate.  *Id.* at 249 - 50 (citations omitted).

   **b. Presumption of Negligence**

Under Louisiana law, a rebuttable presumption of negligence exists for defendant drivers that rear-end a preceding motorist.  *See Brandon v. Trosclair*, 2000-2374 (La.App. 4 Cir. 10/17/01); 800 So.2d 49, 59-60; *Daigle v. Mumphrey*, 96-1891 (La.App. 4 Cir. 3/12/97); 691 So.2d 260, 262.  This presumption is predicated on Louisiana Revised Statute § 32:81(A), which states: "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and

3

the condition of the highway." This presumption arises from the "premise that a following motorist whose vehicle rear-ends a preceding motorist either has failed in his responsibility to maintain a sharp lookout or has followed at a distance from the preceding vehicle which is insufficient to allow him to stop safely under normal circumstances." *Brandon*, 800 So.2d at 60 (*citing Daigle*, 691 So.2d at 262). The presumption may be rebutted where the defendant can show "that he had his vehicle under control, that he closely observed the preceding vehicle, and that he followed at a safe distance under the circumstances." *Id.* In addition, a defendant may also escape liability "by proving that the driver of the lead vehicle negligently created a hazard which he could not reasonably avoid." *Id.*

The Court finds that Vinson's testimony provides enough evidence to defeat summary judgment. The presumption of liability may be rebutted by Vinson's showing that he maintained control over his vehicle and followed the vehicle in front of him at a safe distance based on the circumstances. Vinson states that as he entered the ramp, the Plaintiffs' vehicle was "about three lengths, four." Rec. Doc. No. 29, Ex.B, 61:3. Further, Vinson states that he continued forward once his view was obstructed by the smoke because he was concerned about rolling back. *Id.* at 61:25-62:1. Defendant's decision not to roll back may have been reasonable at the time depending on whether there was traffic behind him, the slope of the ramp, and various other factors. Further, questions of fact remain as to how quickly the alleged smoke went from a minor annoyance to a visual obstruction. Finally, Vinson alleges that the Plaintiffs' car did not have its lights on despite fog. This dispute raises the issue of contributory negligence. Accordingly, summary judgment is not now appropriate as genuine issues of material fact regarding liability exist.

4

*IV. Conclusion*

IT IS ORDERED that the Plaintiff's Motion For Summary Judgment is hereby DENIED for the foregoing reasons.

New Orleans, Louisiana, this 18th day of March, 2010.

                                                         District Court Judge